## ACTION COGNIZABLE IN EQUITY.

Circuit Court of Cuyahoga County.

Wm. A. Eckerman et al v. Peter H. Hensch et al.

Decided, March 28, 1905.

*Equity Jurisdiction, May Not be Invoked Where there is Another Adequate Remedy.*

Where plaintiff and defendant make a contract, whereby defendant who is the owner of a secret process or formula sells the plaintiff a two-thirds interest in the formula, deposits the formula in escrow, and agrees that upon the formation of corporation to manufacture goods by that process the formula is to be delivered to the secretary of the corporation, upon the abandonment of his contract by the defendant the plaintiff is not entitled to equitable relief and the appointment of a receiver to secure the formula, as that may be done by perfecting the corporation as provided in the contract.

*T. A. Closse* and *Weed & Miller*, for plaintiff in error.

*Goulder, Holding & Masten* and *Henderson, Quail & Siddall,* contra.

Winch, J.; Henry, J., and Marvin, J., concur.

The contention of the parties is before this court both on appeal from and error to the common pleas court. Of course, if the appeal is well taken, the judgment of the common pleas court is thereby vacated, and the proceedings in error should be dismissed.

We hold that this action is cognizable in equity and the error case is therefore dismissed.

It appears from the petition that the defendants, Peter H. Hensch and Annie Hensch, were the owners of a formula or secret process for the manufacture of a certain food product, and engaged in its manufacture and sale, and on October 14, 1903, entered into an agreement with the plaintiffs whereby said defendants conveyed to plaintiffs a two-thirds undivided interest in said formula and the good will of the business of making and vending said food product. . The contract provided that said plaintiffs

should advance the sum of $1,000 to be used in continuing the business for six months and should have the option, on or before the termination of said six months, of incorporating a company with an appropriate capital stock, to which corporation all parties to the contract agreed to convey their interest in the business and said formula, in exchange for sixty per cent. of the stock of said corporation; said sixty per cent. of the stock to be divided one-third to said defendants and two-thirds to plaintiffs.

Plaintiffs further agreed that if said option was exercised by them and said corporation formed, the corporation should enter into a contract with said Hensch and his wife to employ the former for the term of his natural life at a weekly salary of fifteen dollars, and that said Hensch should devote his entire time, attention and skill, exclusively, in the employ of said company, and in event of the death of said Peter H. Hensch, his wife Annie Hensch still living, she should enter the employ of said company at a salary to be agreed upon and devote her entire time and attention to its business.

The following provisions of the contract are also essential to a determination of this suit:

"To secure said assignments and benefits thereof to party of second part (plaintiffs) the said party of the first part (defendants) further agree to write out said formula, together with full directions for the making of said nourishing meal, and deposit the same in a sealed envelope with the Central Trust Company, trustee, said written formula and directions to be disposed of as hereinafter set forth.

"In the event of disability by death, or otherwise, or upon the refusal of either of said individuals herein designated as party of the first part to superintend the manufacture of said meal, or upon their failure to comply with the letter and spirit of said contract, then the formula and directions for the manufacture of said nourishing meal shall be delivered to the secretary of said company."

The petition alleges that the parties entered upon the prosecution of said business which they continued for about four and a half months, the plaintiffs advancing money as agreed; all parties to the contract subscribed and acknowledge articles of incorporation of a company as agreed, took the preliminary steps pro-

vided by law for the organization of said company and called upon said defendants to carry out their part of the contract, but on March 1, 1904, said defendants abandoned said contract and refused in any way to assist plaintiffs, or give their time to the manufacture of said nourishing meal.

The petition alleges that the formula was written out by defendants and deposited with full directions in a sealed envelope with the trust company.

Plaintiffs allege that by reason of the breach of said contract by defendants the plaintiffs have been put to expense and a large loss of time, whereby they have been damaged in the sum of $1,000.

No personal judgment is asked for these damages, but the petition prays for the appointment of a receiver to take charge of the assets and good-will of the business with authority to take possession of said formula and to run the business; that an accounting be had and that said property and good-will be sold and the proceeds distributed in accordance with law; that said defendants be enjoined from making and vending said nourishing meal and from using the trade name thereof, and for such other and further relief as may be just and proper.

An answer filed by the Henschs, admitting the material allegations of the petition, denies that plaintiffs suffered any damages by reason of defendant's breach of contract. It sets up title to said formula in a third person—whom they ask to be made party defendant—whereby they are unable to perform the stipulations of the contract, and further pleads that said contract is null and void, being contrary to public policy.

Upon the trial objection was made to the introduction of any evidence under the petition, but evidence was received, a ruling upon said objection being reserved.

In the argument counsel for plaintiff urged that the court has jurisdiction, under the petition, to determine the amount of plaintiffs' damages resulting from the breach of the contract and to order a sale of said Chadwickian security on deposit with the trust company to satisfy said damages; that the action is in effect for the foreclosure of an equitable lien which it is claimed plaintiffs have upon said so-called security.

We think a careful reading of the contract shows that no such relief can be granted under the allegations of the petition, for the contract itself provides the remedy upon the refusal of Hensch to render the personal services he contracted to render.

The contract specifically provides that upon such failure "the formula and directions for the manufacture of said nourishing meal shall be delivered to the secretary of said company." At the time of the breach the company was incorporated; by the terms of the contract plaintiffs were then the owners of a two-thirds interest in the formula and business, and, by reason of the promise in the contract for the benefit of the corporation, the latter was the equitable owner of the entire formula and business. Plaintiffs should have gone ahead with the corporation, issued sixty per cent. of said stock in payment for said formula and business, forty per cent. belonging to themselves, elected a secretary and had the secretary demand the delivery to him of the sealed envelope by the trust company.

The action of said defendants in nowise interfered with or delayed the complete organization of the company; only ten per cent. of the stock is required to be subscribed, and plaintiff's share in the business paid for that four times over. Ten per cent. being subscribed and paid in, plaintiffs were in position to elect a secretary of the corporation, under the law, and demand the sealed envelope of the trust company, and it was the duty of plaintiffs to proceed as stipulated in the contract.

Taking this view of the case, it follows that plaintiffs have mis-conceived their remedy and the demurrer to the evidence should have been sustained. Without considering other objections to the petition urged by counsel for defendant, the petition is dismissed.